## In re Anonymous No. 39 D.B. 85

Disciplinary Board Docket No. 39 D.B. 85.

KELLER, *Member*, February 5, 1987 —

### HISTORY OF PROCEEDINGS

This matter was heard before hearing committee [ ] on a petition for discipline filed by petitioner on November 21, 1985. The petition charged respondent with violation of the Code of Professional Responsibility DR 1-102(A)(6), which prohibits an attorney from engaging in conduct which adversely reflects on fitness to practice law. It is also urged that the conduct involves DR 7-102(A)(8) which prohibits an attorney from engaging in illegal conduct or conduct contrary to a disciplinary rule.

Respondent filed an answer to the petition on or about December 27, 1985 and the case was heard

before hearing committee [ ] on or about June 9, 1986.

## SUMMARY OF THE NATURE OF THE CASE

The facts are not in dispute. Respondent was counsel for a nursing and convalescent home in [A]. The AFL-CIO petitioned the National Labor Relations Board for an election to determine whether the union would represent the home's employees. The election was held on May 6, 1983 at the nursing home.

Respondent and a union field organizer remained after the polls closed for the tally. This revealed that the union had lost the election.

Respondent approached the field organizer, intending to taunt him and accused him of engaging in unfair campaign practices. Words followed in which the field organizer employed an offensive ethnic slur in response to respondent's charge. Respondent then struck the field organizer.

Respondent was charged with assault under §2903.13 of the [A] Revised Code, convicted and received a prison sentence of 30 days which was suspended. Later the record of the criminal proceedings was expunged.

In accordance with Pa. R.D.E. 214 the Pennsylvania Supreme Court referred the matter to the disciplinary board for appropriate action. The matter was referred to this hearing committee.

## CONCISE STATEMENT OF THE CASE

The disciplinary authority avers that the conduct referred to in the summary involves DR 1-102(A)(6) which prohibits an attorney from engaging in conduct which adversely reflects on his fitness to practice law. It is also urged that the conduct involves

DR 7-102(A)(8) which prohibits an attorney from engaging in illegal conduct or conduct contrary to a disciplinary rule.

Respondent does not dispute these contentions and acknowledges that these two disciplinary rules are properly invoked.

## FINDINGS OF FACT

Petitioner submits the following proposed findings of fact and conclusions of law as supported by the evidence cited in parenthesis:

1. Respondent was admitted to the practice of law in the Commonwealth of Pennsylvania on April 30, 1973. He is 39 years of age and his date of birth is April 18, 1946. His present office address is [ ].

2. In the spring of 1983 the National Union of Hospital and Health Care Employees, District 11 1199, WV/KY/OH, Retail, Wholesale and Department Store Union, AFL-CIO conducted an organizing campaign at the [A] Nursing and Convalescent Inn.

3. Respondent was designated by his law firm, [B], as the attorney from the firm representing the nursing home.

4. The union's campaign was directed by [C], a field organizer with the AFL-CIO.

5. Pursuant to a petition filed by the union, the National Labor Relations Board scheduled an election to be held on the premises of the nursing home on May 6, 1983.

6. Respondent was present at the nursing home "to provide legal advice as issues came up during the day concerning the NLRB election."

7. After the polls closed, [C] and respondent, among others, remained in the polling place for the vote tally. The final vote count revealed that the union had lost the election.

8. Subsequent to the announcement of the vote count, respondent accused [C] of using racial materials, at which point, according to respondent, [C] said "fuck you, you Jew bastard". This allegation was denied by [C].

9. As a result of a heated exchange of words, respondent struck [C].

10. Respondent was charged in a criminal complaint filed in the [ ] County Court, [A], with assault under Section 2903.13 of the [A] Revised Code.

11. On October 10, 1984 respondent was tried before the Honorable [D] in the County Court of [ ] County, [A] sitting without a jury.

12. After a hearing, respondent was found guilty of assault.

13. On October 10, 1984, Judge [D] sentenced respondent to a term of 30 days in prison and ordered that he pay the costs of prosecution. The prison term was suspended.

14. On May 9, 1985, in accordance with Rule 214(g) of the Pennsylvania Rules of Disciplinary Enforcement, the Supreme Court of Pennsylvania entered an order referring to the disciplinary board the criminal conviction of respondent in [ ] County Court, [A], at case No. [ ], for the institution of a formal proceeding before a hearing committee.

15. The record of respondent's conviction has been expunged and all official records pertaining to the conviction sealed pursuant to an order by Judge [D].

16. [E], a member of the Pennsylvania Bar and President of the [F] Bank in [G] expressed his opinion that respondent's character and fitness to practice law is impeccable and first rate.

17. [H], a partner of respondent's, testified to respondent's excellent reputation at the bar.

18 [I], also a partner, gave his opinion that respondent is undoubtedly fully qualified to practice law.

## CONCLUSIONS OF LAW

The conduct of respondent demonstrates a violation of:

(1) DR 1-102(A)(6) which prohibits an attorney engaging in conduct which adversely reflects on his fitness to practice law. It must be added that the conduct in which respondent engaged occurred while he was serving as a legal advisor in a jurisdiction other than his own. The record does not reveal whether respondent is admitted to practice law in [A], but at best it is doubtful.

(2) DR 7-102(A)(8) which prohibits an attorney from knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule.

## BOARD'S DETERMINATION

For all of the foregoing reasons, it is the unanimous determination of the board that respondent, [ ], be given a private reprimand. In reaching this determination, the board is cognizant that the type of conduct engaged in by respondent cannot be condoned; however, the board finds some mitigation for respondent's act of impetuosity. Labor disputes unfortunately become a heated contest and, in this light, coupled with the alleged ethnic slur directed towards respondent, his response, though unprofessional, may be understandable. The board believes the experience of the criminal trial in [A] conveyed a forceful message and that the assessed discipline is, therefore, warranted. Costs are to be paid by respondent.

Mr. Curran, Ms. Heh and Dr. Gilbert did not participate in the adjudication.

## ORDER

And now, this February 5, 1987, upon consideration of the report and recommendation of hearing committee [ ] dated October 8, 1986; it is ordered and decreed, that the said [respondent] of [ ], be subjected to private reprimand by the disciplinary board of the Supreme Court of Pennsylvania as provided in Rule 204(a)(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of this board. Costs are to be paid by respondent.

## ORDER

NIX, C.J., And now, this May 29, 1987, upon consideration of the briefs filed, it is ordered that the above matter be referred to the disciplinary board for the imposition of a private reprimand.

Mr. Justice Flaherty and Mr. Justice Hutchinson dissent and would enter an order of public censure.